**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILLIE CHARLES LANG JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1738-G** |
| | ) | |
| **VESTA REALTY, LLC d/b/a VESTA PROPERTIES et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff Willie Charles Lang Jr., appearing pro se, initiated this civil lawsuit on July 10, 2026, bringing claims against six defendants, including the company that operates the apartment complex where Plaintiff resides and several of that company's employees. *See* Compl. (Doc. No. 1) at 3. In the Complaint, Plaintiff alleges violations of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., violations of his civil rights, and multiple violations of state tort and consumer protection laws. *See* Compl. at 12-21.

Now before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. No. 4), seeking an order that restricts Defendant Vesta Realty, LLC d/b/a Vesta Properties and associated individuals from initiating, prosecuting, or effecting eviction proceedings against Plaintiff during the pendency of this action. *See id.* at 2.

## *I. Standards of Review*

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant

> outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted). These four requirements apply equally to a request for a temporary restraining order (or "TRO"). *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Plaintiff's request for injunctive relief is also governed by Rule 65 of the Federal Rules of Civil Procedure. Rule 65(a)(1) states that a "court may issue a preliminary injunction only on notice to the adverse party" or parties. Fed. R. Civ. P. 65(a)(1). Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse parties or their attorneys only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* R. 65(b)(1)(A), (B).

*I. Plaintiff Fails to Comply with the Procedural Requirements of Rule 65*

In the Motion for Preliminary Injunction, Plaintiff states that he "served a true and correct copy" of the Motion "upon all counsel of record and unrepresented parties by first-class U.S. Mail, postage prepaid." Pl.'s Mot. at 7. No adverse party has been served or appeared in this action, however, and no attorney has yet entered an appearance for any

defendant. Plaintiff's statement that notice has been given to unidentified counsel and parties therefore does not adequately establish that "notice" has been given to the adverse parties as required. Fed. R. Civ. P. 65(a)(1). Accordingly, a preliminary injunction may not issue. *See Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("Rule 65 must be strictly complied with.").

Considered as a request for a temporary restraining order, Plaintiff's Motion likewise is procedurally deficient. Beyond the language quoted above, Plaintiff does not describe "any efforts made to give notice" of the Motion to the defendants or explain any reasons why such notice "should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff's Motion thus does not provide the requisite certification for issuance of an ex parte temporary restraining order. *See id.*; *Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 1387790, at *1 (W.D. Okla. May 13, 2025) (applying the requirements of Rule 65(b)(1) to a pro se plaintiff). Plaintiff has not satisfied the requirements of Rule 65(b)(1), "thus making the issuance of a TRO without notice improper." *Robinson*, 2025 WL 1387790, at *1.

### *II. Plaintiff Fails to Establish Irreparable Harm*

Even if procedurally proper, the Motion would be subject to denial due to Plaintiff's failure to show that he "will suffer irreparable injury if the injunction is denied," as required to justify the "extraordinary remedy" of injunctive relief. *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (internal quotation marks omitted).

Plaintiff alleges that "Defendants have communicated to Plaintiff their intent to file an eviction action in August 2026 for nonpayment of rent." Pl.'s Mot. at 3. The conduct

alleged in the Complaint "ha[s] directly caused Plaintiff's current financial distress and imminent risk of homelessness." *Id.* at 2, 3; *see also* Pl.'s Suppl. (Doc. No. 5) at 3. Plaintiff identifies as irreparable harms of the possible eviction: a lack of "alternative housing"; the displacement's disruption of his medical care; an inability to "participate meaningfully" in this litigation; and his belief that "[h]omelessness would result in a loss of documents" and evidence relevant to this case. Pl.'s Mot. at 5.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted); *see also First W. Cap. Mgmt. Co.*, 874 F.3d at 1143 ("Without showing irreparable harm, [a movant] cannot obtain a preliminary injunction."). Although Plaintiff alleges that the defendants have communicated an intent to file an eviction action, Plaintiff does not contend that such an action has been filed, that a court has ordered his eviction, or that any defendant intends to remove Plaintiff from his apartment absent a judgment of eviction. On the current record, the Court would not find an injury that is "certain." *Heideman*, 348 F.3d at 1189. Further, Plaintiff bases his claim of irreparable harm on his potential eviction from an apartment that he rents, but he does not adequately show "a present right to remain" in the apartment. *Watkins v. Hous. Auth. of the City of Hugo*, No. CIV-23-178, 2023 WL 5804155, at *1 (E.D. Okla. Sept. 7, 2023).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction (Doc. No. 4) is DENIED without prejudice.

IT IS SO ORDERED this 4th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge